UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TERRY BROWN,
    Plaintiff,

v.

DANSON, INC. d/b/a
AEGIS PROTECTIVE SERVICES
    Defendant.

Case No. 1:11-cv-820
Dlott, C.J.
Litkovitz, M.J.

ORDER AND REPORT
AND RECOMMENDATION

Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*, alleging claims of age discrimination, race discrimination, sex discrimination, and retaliation. Plaintiff seeks lost wages and benefits, compensatory and punitive damages in the amount of $75,000.00, and attorney's fees and costs. This matter is before the Court on plaintiff's motion for default judgment (Doc. 6), defendant's response in opposition (Doc. 15), and plaintiff's reply (Doc. 18); defendant's motion for leave to file an answer out of time (Doc. 9), plaintiff's response in opposition (Doc. 12), and defendant's reply (Doc. 14); plaintiff's motion for a more definite statement (Doc. 11), defendant's response in opposition (Doc. 17), and plaintiff's reply (Doc. 19); and plaintiff's motion to compel (Doc. 13), defendant's response in opposition (Doc. 16), and plaintiff's reply. (Doc. 20). The Court will address plaintiff's motion for default judgment in conjunction with defendant's motion to file an answer out of time. The remaining pending motions will be addressed in turn.

**I. Plaintiff's Motion for Default Judgment (Doc. 6) and Defendant's Motion for Leave to File an Answer Out of Time (Doc. 9)**

Plaintiff, Terry Brown, proceeding pro se, filed his complaint on November 29, 2011. (Doc. 3). A review of the docket demonstrates that defendant, Danson, Inc. d/b/a Aegis Protective Services (Danson), was served with a summons on December 15, 2011. (Doc. 5).

Pursuant to Fed. R. Civ. P. 12, Danson had 21 days from December 15, 2011, or until January 5, 2012, to file a responsive pleading. Fed. R. Civ. P. 12(a). Danson did not timely file a responsive pleading and on January 9, 2012, plaintiff filed a motion for default judgment based on Danson's untimeliness. (Doc. 6). Shortly thereafter, on January 12, 2012, Danson filed a motion for leave to file an answer out of time. (Doc. 9).

In the motion for leave, Danson explains that at the time plaintiff's complaint was served, Danson was engaged in separate litigation with plaintiff in Ohio state court. In that litigation, plaintiff had filed eleven motions between October 26, 2011 and December 30, 2011. *Id.* Accordingly, Danson mistakenly assumed that the instant complaint served on December 15, 2011 was another state court filing and did not realize it should have been forwarded to their attorney. *Id.* Danson realized the error on January 10, 2012 and the motion for leave to file an answer out of time was filed two days later. *Id.* In response to plaintiff's motion for default judgment, Danson incorporates these arguments and further argues that entry of default judgment is improper: (1) because plaintiff has failed to request an entry of default from the Clerk of Court as required by Fed. R. Civ. P. 55(b); (2) because Danson has not "failed to plead or otherwise defend" under Fed. R. Civ. P. 55(a); and (3) because Danson has shown good cause for the delay sufficient to set aside any entry of default under Fed. R. Civ. P. 55(c).

Before a plaintiff can secure a default judgment against a defendant, the plaintiff must request an entry of default from the clerk. *Heard v. Caruso*, 351 F. App'x 1, 15-16 (6th Cir. 2009) (citing Fed. R. Civ. P. 55(a); 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2682, at 13 (3d ed. 1998)). A review of the docket demonstrates that plaintiff did not request an entry of default from the clerk. Accordingly, plaintiff's motion for default judgment was not properly filed.

Further, in light of Danson's representations in its motion for leave and response to plaintiff's motion for default judgment, the undersigned finds that Danson has demonstrated "good cause" sufficient to set aside an entry of default as permitted by Fed. R. Civ. P. 55(c). As explained by the Sixth Circuit, "our cases discussing motions to set aside default under Rule 55(c) are extremely forgiving to the defaulted party and favor a policy of resolving cases on the merits instead of on the basis of procedural missteps." *U.S. v. $22,050.00 U.S. Currency*, 595 F.3d 318, 322 (6th Cir. 2010) (citing cases). Here, Danson has presented a reasonable explanation for the late filing showing that it was an unintentional oversight resulting from its concurrent litigation with plaintiff in another forum and that Danson immediately sought to remedy the mistake as soon as it became apparent. The undersigned finds that this explanation amounts to "good cause" sufficient for setting aside an entry of default. Moreover, Danson filed its answer as an exhibit to its motion for leave to file an answer out of time, which was filed with the Court on January 12, 2012, only one week after the deadline for filing a responsive pleading. Given Danson's explanation and the short delay, the Court recommends that plaintiff's motion for default judgment (Doc. 6) be denied.

Regarding Danson's motion for leave to file an answer out of time, Rule 6(b)(1) provides "[w]hen an act may or must be done within a specific time, the court may, for good cause, extend the time: . . . on motion made after the time has expired if the party failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1). "[T] governing legal standard for excusable-neglect determinations is a balancing of five principal factors: (1) the danger of prejudice to the nonmoving party, (2) the length of the delay and its potential impact on judicial proceedings, (3) the reason for the delay, (4) whether the delay was within the reasonable control of the moving party, and (5) whether the late-filing party acted in good faith." *Nafziger v. McDermott Intern.*,

*Inc.*, 467 F.3d 514, 522 (6th Cir. 2006) (citing *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).  Here, the factors weigh in favor of permitting Danson to file its answer out of time: plaintiff has not asserted any prejudice; the one-week delay was minimal and has had no impact on the judicial proceedings; Danson's reason for the delay is reasonable – it had mistakenly identified plaintiff's complaint as a filing in the state court proceedings; and Danson quickly sought to remedy its mistake by filing the instant motion and answer.  Accordingly, Danson's motion for leave to file an answer out of time (Doc. 9) is granted.

### II. Plaintiff's Motion for a More Definite Statement (Doc. 11)

Pursuant to Fed. R. Civ. P. 12(e), plaintiff moves for a more definite statement regarding the assertions put forth by Danson in its motion for leave to file an answer out of time.  Plaintiff's motion consists of several questions which seem to be aimed at establishing Danson's liability, demonstrating that Danson was noncompliant with orders entered in the previously mentioned state court proceedings, and proving that Danson had knowledge of the instant litigation before it was served with a summons.  Plaintiff's motion is an improper attempt to obtain discovery and is a misapplication of Rule 12(e).

> Rule 12(e) provides:
>
> A party may move for a more definite statement of a *pleading* to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response. The motion must be made before filing a responsive pleading and must point out the defects complained of and the details desired.

Fed. R. Civ. P. 12(e) (emphasis added).  According to the plain language of the rule, parties may only move for more definite statements of pleadings.  Pleadings, as defined by Fed. R. Civ. P. 7(a), are limited to the following: (1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party

4

complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer. Yet, plaintiff's motion for a more definite statement is directed at representations made by Danson in its motion for leave to file an answer out of time. Danson's motion is not a pleading and, consequently, is not the proper subject for a motion for a more definite statement. Accordingly, plaintiff's motion for a more definite statement (Doc. 11) is denied.

### III. Plaintiff's Motion to Compel (Doc. 13)

Plaintiff moves this Court for an order compelling Danson to provide responses to discovery plaintiff purportedly issued on November 30, 2011 and, again, on December 29, 2011. Plaintiff's motion is premature and fails to comport with the requirements of the Federal Rules of Civil Procedure. Accordingly, the motion is denied.

"A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f) . . . ." Fed. R. Civ. P. 26(d)(1). While there are four exceptions to this general rule, none of those exceptions are present in this case. Danson asserts that the parties have not yet conferred and plaintiff's response fails to contradict this assertion. Instead, plaintiff argues that he has served discovery on defendants on multiple occasions and appears to incorrectly argue that the U.S. Marshal's service of plaintiff's complaint amounts to a conference for purposes of Rule 26(d). Fed. R. Civ. P. 26(f)(2) governs the content of the required conference which must include a discussion of the nature and basis of plaintiff's claims, the possibility of settlement, arranging for exchanging initial disclosures, and developing a discovery plan.

From the parties' representations, it is clear that the parties have not yet engaged in a Rule 26(f) conference; thus, plaintiff's motion is premature. While the Court is mindful that plaintiff is not an attorney, his status as a pro se litigant does not discharge him from adhering to

the requirements of the Federal Rules of Civil Procedure. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993) (noting that pro se litigants may receive some leniency with regard to procedural rules, particularly where a procedural error could be fatal or where the litigant is incarcerated, but emphasizing that "we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."). As plaintiff's motion to compel has been filed prior to the parties engaging in a Rule 26(f) conference, the motion to compel (Doc. 13) is denied.

Lastly, the Court notes that throughout his filings plaintiff has levied accusations at Danson and repeatedly accused it of engaging in improper litigation tactics and perjury. *See* Docs. 12, 13, 18, 19, 20. To be clear, Danson has not improperly filed its answer. Rather, Danson attached the answer as an exhibit to its motion for leave to file the answer out of time. This is not improper under the Federal Rules of Civil Procedure or the local rules of this Court. Plaintiff is put on notice that filings intended to harass are improper and may lead to sanctions, up to and including dismissal of his claims. *See* Fed. R. Civ. P. 11.

**IT IS RECOMMENDED THAT** plaintiff's motion for default judgment (Doc. 6) be **DENIED**.

Further, **IT IS HEREBY ORDERED THAT** defendant's motion for leave to file an answer out of time (Doc. 9) is **GRANTED**; plaintiff's motion for a more definite statement (Doc. 11) is **DENIED**; and plaintiff's motion to compel (Doc. 13) is **DENIED**.

Date: 5/31/12

Karen L. Litkovitz
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TERRY BROWN,
    Plaintiff,

v.

DANSON, INC. d/b/a
AEGIS PROTECTIVE SERVICES
    Defendant.

Case No. 1:11-cv-820
Dlott, C.J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☒ Agent ☐ Addressee<br>B. Received by (Printed Name)   C. Date of Delivery |
| 1. Article Addressed to:<br><br>Terry Brown<br>1731 Tuxworth Ave.<br>Cinti, OH 45238 | D. Is delivery address different from item 1? ☐ Yes<br>    If YES, enter delivery address below:  ☐ No<br><br>3. Service Type<br>   ☒ Certified Mail   ☐ Express Mail<br>   ☐ Registered      ☐ Return Receipt for Merchandise<br>   ☐ Insured Mail    ☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)    ☐ Yes |
| 2. Article Number<br>(Transfer from service label) | 7003 2260 0002 6723 4828 |

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540