## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

TERRY BROWN,                                  Case No. 1:11-cv-820
        Plaintiff,                            Dlott, J.
                                              Litkovitz, M.J.

        vs.

DANSON INC. d/b/a
AEGIS PROTECTIVE SERVICES,            **ORDER**
        Defendant.

Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, as amended,

42 U.S.C. § 2000e et seq., alleging claims of age discrimination, race discrimination, sex

discrimination, and retaliation. This matter is before the Court on defendant's motion for

protective order to stay discovery pending the disposition of defendant's motion to dismiss (Doc.

37) and plaintiff's motion to strike motion for protective order (Doc. 39), which the Court

construes as plaintiff's memorandum in opposition to the motion for protective order. For the

reasons that follow, defendant's motion for protective order is granted and plaintiff's motion to

strike is denied.

On July 23, 2012, defendant filed a motion to dismiss plaintiff's complaint contending

that the complaint is barred by *res judicata*. (Doc. 35). Defendant asserts that in February 2011,

plaintiff filed an action against defendant in the Hamilton County, Ohio Municipal Court

alleging contract and employment claims arising out of defendant's termination of plaintiff's

employment. (Doc. 35 at 2). That action was subsequently dismissed by the state trial court and

affirmed on appeal. (Doc. 35, Exhs. B, C). Defendant now seeks a protective order staying all

discovery in this matter until the Court rules on its motion to dismiss. Defendant contends it has

a strong likelihood of success on the merits of its motion to dismiss because the employment

discrimination claims in plaintiff's federal court action are based on the same set of operative facts as the state court action and, therefore, are barred by *res judicata*. Defendant argues it would be unfair to make it incur the time and money to respond to plaintiff's discovery requests, which have already been propounded by plaintiff, when the case is likely to be dismissed at an early stage of the proceedings.

Plaintiff opposes a stay of discovery in this case and requests an evidentiary hearing "to review [all] exhibits from [both] parties to entertain their motions." (Doc. 39 at 2). Plaintiff contends that the state court orders are not final orders based on discrimination claims under Title VII; that defendant has refused to answer any of the discovery requests served by plaintiff; and that defendant has failed to attach a copy of the employment contract at issue in the state court action to show the Title VII claims were encompassed therein. Plaintiff asserts that the state court judgment is based solely on contract law, not federal discrimination law, and therefore does not bar his federal claims in this case.

As an initial matter, the Court notes that the discovery requests propounded by plaintiff in June 2012 were premature. Under Fed. R. Civ. P. 26(d), "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." Plaintiff contends that counsel for defendant refused to communicate with him to plan for discovery under Rule 26(f), intimating that the refusal was to cause a delay in responding to plaintiff's discovery requests. (Doc. 39, email attachments). In contrast, defendant represents that it attempted to confer with plaintiff on numerous occasions as shown by email correspondence dated June 28, July 2, July 6, and July 11, 2012. (Doc. 29; *see also* Doc. 38, Exhs. A, B; Doc. 39, Exh. A). The Court's review of the

2

correspondence indicates that plaintiff declined to confer with defendant until defendant answered the discovery requests served by plaintiff. As the federal rules prohibit serving discovery prior to the Rule 26(f) conference, plaintiff was not entitled to responses to his discovery requests from defendant prior to the conference. Therefore, the Court declines to deny defendant's motion for stay on this basis.

The Court now addresses the merits of defendant's motion seeking a stay of discovery pending resolution of its motion to dismiss. "Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999). In assessing a motion to stay discovery, the Court must weigh "the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery." *Bowens v. Columbus Metropolitan Library Bd. of Trustees*, No. 2:10-cv-219, 2010 WL 3719245, at *1 (S.D. Ohio Sept. 16, 2010) (citing *Ohio Bell Telephone Co., Inc. v. Global NAPs Ohio, Inc.*, No. 2:06-cv-0549, 2008 WL 641252, at *1 (S.D. Ohio, March 4, 2008)). Generally, the filing of a case dispositive motion is insufficient to warrant a stay of discovery. *See Bowens*, 2010 WL 3719245, at *2 (internal citation omitted) (citing *Ohio Bell Telephone Co.*, 2008 WL 641252, at *1 (denying the defendants' motion to stay discovery despite their pending summary judgment motion)); *see also Williams v. New Day Farms, LLC*, No. 2:10-cv-0394, 2010 WL 3522397, at *1-2 (S.D. Ohio Sept. 7, 2010) ("unless the motion raises an issue such as immunity from suit, which would be substantially vitiated absent a stay, or unless it is patent that the case lacks merit and will almost certainly be dismissed, a stay should not ordinarily be granted to a party who has filed a garden-variety Rule 12(b)(6) motion."). Nevertheless, "[l]imitations on pretrial discovery are appropriate where claims may be dismissed

3

'based on *legal* determinations that could not have been altered by any further discovery.'"
*Gettings v. Bldg. Laborers Local 310 Fringe Benefits Fund*, 349 F.3d 300, 304 (6th Cir. 2003)
(emphasis added) (quoting *Muzquiz v. W.A. Foote Memorial Hosp., Inc.*, 70 F.3d 422, 430 (6th
Cir. 1995)).

      In this case, defendant's motion to dismiss is premised on the ground of *res judicata*.
Whether a claim is barred by *res judicata* is a question of law. *Bates v. Twp. of Van Buren*, 459
F.3d 731, 734 (6th Cir. 2006) (citing *Browning v. Levy*, 283 F.3d 761, 772 (6th Cir. 2002)).
The discovery plaintiff has propounded on defendant relates to the underlying merits of his Title
VII employment discrimination claim. Plaintiff has not alleged, and the Court does not perceive,
a need for discovery to address the *res judicata* defense raised by defendant. As the resolution
of the motion to dismiss is based on the legal determination of whether *res judicata* bars plaintiff
Title VII claims in this case and is not dependent on the discovery plaintiff seeks, a stay of
discovery pending the resolution of the motion to dismiss is warranted in this case. *See Gettings*,
349 F.3d at 304. Plaintiff will not be prejudiced by a short stay of discovery in this matter. The
motion to dismiss will be ripe on August 30, 2012, and the Court anticipates issuing a Report
and Recommendation on the motion in short order. The discovery deadline set by the Court was
purposely scheduled for March 15, 2013 to give the parties ample time to conduct discovery in
this matter given the pending motions in this case. The burden on defendant of requiring
responses to plaintiff's discovery requests at this juncture would outweigh any hardship to
plaintiff by a short delay in proceeding with discovery.

      Finally, plaintiff's request for an evidentiary hearing to review the exhibits in this matter
is denied as unnecessary. The Court has carefully reviewed the exhibits presented by the parties
to this action and does not require an evidentiary hearing for this purpose.

Accordingly, defendant's motion for protective order to stay discovery pending the disposition of defendant's motion to dismiss (Doc. 37) is **GRANTED,** plaintiff's motion to strike motion for protective order (Doc. 39) is **DENIED**, and plaintiff's request for an evidentiary hearing is **DENIED**.

**IT IS SO ORDERED**.

Date: _8/21/12_

Karen L. Litkovitz
United States Magistrate Judge