UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

TERRY BROWN,
    Plaintiff

vs

DANSON, INC. DBA AEGIS,
PROTECTIVE SERVICES,
    Defendant

Case No. 1:11-cv-820
Dlott, J.
Litkovitz, M.J.

**ORDER AND REPORT
AND RECOMMENDATION**

Plaintiff, Terry Brown, brings this action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*, alleging that DanSon, Inc., dba Aegis Protective Services (Danson) discriminated against him on the basis of his age, race, and sex. This matter is before the Court on defendant's Rule 12(b)(6) motion to dismiss (Doc. 35), plaintiff's motion for a more definite statement (Doc. 40), which the Court construes as plaintiff's response to the motion to dismiss[1], and defendant's reply memorandum. (Doc. 44). This matter is also before the Court on plaintiff's motions for a more definite statement (Doc. 26), for a 28 U.S.C. § 1915(d)(i) frivolous and Fed. Civ. R. 11(b) evidentiary hearing (Doc. 33), and for leave to amend the complaint. (Doc. 45).

I. **STANDARD OF LAW**

Rule 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept as true all factual allegations in the complaint and must draw inferences in a light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). *See also Erickson v. Pardus*, 551 U.S. 89, 93 (2007); *Bell Atlantic Corp. v. Twombly*,

---

[1] At the August 16, 2012 scheduling conference in this case, plaintiff advised the Court that he intended his "motion for a more definite statement" to be his response to the motion to dismiss.

550 U.S. 544, 555-56 (2007). It is well-settled that documents filed by a pro se litigant must be liberally construed and that "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94; *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). To avoid dismissal for failure to state a claim for relief, plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). While the Court must accept all well-pleaded factual allegations as true, it need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

Although plaintiff need not plead specific facts, his statement must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted). Plaintiff's factual allegations must be enough to raise the claimed right to relief above the speculative level and to create a reasonable expectation that discovery will reveal evidence to support the claim. *Twombly*, 550 U.S. at 556. This inquiry as to plausibility is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the

mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.'" *Iqbal*, 550 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

## II. FACTUAL ALLEGATIONS

Plaintiff was an employee of Danson from January 4, 2011 to February 19, 2011. (Doc. 3, Ex. 1, p. 1). Plaintiff alleges that his termination resulted from a disagreement regarding back-pay he was owed. *Id.* at 2-3. Plaintiff, a 46 year-old African American male, alleges he was retaliated against by Danson for raising concerns about unpaid and unfair wages and was unlawfully discriminated against on the basis of his age, race and sex. *Id.*

In February 2011, plaintiff sued Danson in the Hamilton County, Ohio Municipal Court.[2] In that case, plaintiff's allegations sounded primarily in contract and employment law. On May 5, 2011, the state court granted Danson's motion to dismiss for plaintiff's failure to state a claim upon which relief could be granted. (Doc. 35, Ex. B, p. 2). On December 21, 2011, the Ohio Court of Appeals, First Appellate District, affirmed that decision. (Doc. 35, Ex. C, pp. 2-3). Meanwhile, plaintiff filed the instant federal action on November 21, 2011, while the appeal of the state court decision was pending.

## III. ANALYSIS

Danson contends that the present action should be dismissed because plaintiff's claims are barred by the doctrine of res judicata, specifically claim preclusion. Danson asserts that plaintiff is precluded from bringing the instant federal action because his discrimination claims could have been raised in the Ohio state court case. Danson's arguments are well-taken.

---

[2] This Court "may take judicial notice of proceedings in other courts of record." *Rodic* v. *Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980) (quoting *Granader* v. *Public Bank*, 417 F.2d 75, 82-83 (6th Cir. 1969)). The undersigned takes judicial notice of the actions of *Brown* v. *DanSon, Inc., dba Aegis Protective Services*, 11-CV-05050, Hamilton County, Ohio Municipal Court, and *Brown* v. *DanSon, Inc., dba Aegis Protective Services*, C-110336, Ohio Court of Appeals, First Appellate District.

The doctrine of res judicata consists of two separate preclusion concepts, issue preclusion and claim preclusion. *Heyliger v. State Univ. and Cmty. Coll. Sys. of Tenn.*, 126 F.3d 849, 852 (6th Cir. 1997) (quoting *Migra v. Warren City School Dist. Bd. of Educ.*, 465 U.S. 75, 77 n.1 (1984)). Issue preclusion, also known as collateral estoppel, "refers to the effect of a judgment in foreclosing relitigation of a matter that has been litigated and decided." *Id.* (quoting *Migra*, 465 U.S. at 77 n.1). Claim preclusion, on the other hand, "refers to the effect of a judgment in foreclosing litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit." *Id.* (quoting *Migra*, 465 U.S. at 77 n.1).

Under the Full Faith and Credit Clause of the United States Constitution, a "federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra*, 465 U.S. at 81; *see also Young v. Twp. of Green Oak*, 471 F.3d 674, 680 (6th Cir. 2006). This means that "if an individual is precluded from litigating a suit in state court by the traditional principles of res judicata, he is similarly precluded from litigating the suit in federal court." *ABS Indus., Inc. ex rel. ABS Litig. Trust v. Fifth Third Bank*, 333 F. App'x 994, 998 (6th Cir. 2009) (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1537 (6th Cir. 1987)). The Court must look "to the state's law to assess the preclusive effect it would attach to that judgment." *Id.* (quoting *Gutierrez*, 826 F.2d at 1537).

The Supreme Court of Ohio has held that a "valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *Grava v. Parkman Twp.*, 653 N.E.2d 226, 229 (Ohio 1995). Additionally, Ohio courts have interpreted the doctrine of res judicata, or claim preclusion, as having four specific elements: "(1) there was a prior valid

decision on the merits; (2) the second action involved the same parties as the first; (3) the present action raises claims that were or could have been litigated in the prior action; and (4) both actions arise out of the same transaction or occurrence." *Meyer v. Chieffo*, 950 N.E.2d 1027, 1034 (Ohio Ct. App. 2011). Here, these four elements are satisfied; hence, plaintiff's Title VII claims should be dismissed as barred by res judicata.

First, there was a "prior valid decision on the merits." *Id.* Plaintiff previously initiated a separate action in the Hamilton County Municipal Court filed under Case No. 11-CV-05050. On May 5, 2011, the state court entered judgment for defendant, granting defendant's motion to dismiss plaintiff's case with prejudice for failure to state a claim upon which relief can be granted. (Doc. 35, Ex. B, p. 2). The judgment entered by the Hamilton County Municipal Court was a final appealable order, entered with prejudice. (Doc. 35, Ex. B, p. 2). "[A] dismissal with prejudice is an adjudication on the merits and appealable under R.C. 2505.03." *Tower City Properties v. Cuyahoga County Bd. of Revision*, 551 N.E.2d 122, 124 (Ohio 1990). The First Appellate District of Ohio affirmed this decision in December 2011 (Doc. 35, Ex. C, pp. 2-3), and thus the decision rendered in the Hamilton County Municipal Court was a final decision on the merits. The first element for applying the doctrine of res judicata is satisfied.

Second, the instant action involves the same parties as the state court proceeding. Plaintiff's original action in Hamilton County Municipal Court, Case No. 11-CV-05050, was brought against Danson. Here, Mr. Brown has again named Danson, his former employer, as the defendant. Hence, the second element is satisfied.

Third, "the [instant] action raises claims that were or could have been litigated in the [state court] action." *Meyer*, 950 N.E.2d at 1034. "It has long been the law of Ohio that 'an existing final judgment or decree between the parties to litigation is conclusive as to all claims

which were *or might have been* litigated in the first lawsuit.'" *National Amusements, Inc. v. City of Springdale*, 558 N.E.2d 1178, 1180 (Ohio 1990) (emphasis in the original) (quoting *Rogers v. Whitehall*, 494 N.E.2d 1387, 1388 (Ohio 1986)). The doctrine of "res judicata requires a plaintiff to present every ground for relief in the first action, or be forever barred from asserting it." *Grava*, 653 N.E.2d at 229. Plaintiff could have raised his age, race, and sex discrimination claims in the state action, as state courts have concurrent jurisdiction over Title VII actions. *Yellow Freight Sys. v. Donnelly*, 494 U.S. 820, 823 (1990). However, plaintiff failed to raise his discrimination claims in his state court suit. Plaintiff "could and should have made an effort in state court to bring all of [his] claims in one venue." *Donald v. Frugal I Inc.*, 74 F. App'x 593, 597 (6th Cir. 2003). Res judicata is "a rigid obstacle to the bringing of future claims based on the same factual circumstances, and the Supreme Court has indicated that there is 'no principle of law or equity which sanctions the rejection by a federal court of the salutary principle of res judicata.'" *Id.* (quoting *Federated Dep't Stores v. Moitie*, 452 U.S. 394, 401 (1981)). Plaintiff could have raised his discrimination claims in the state action but failed to do so. Consequently, the third element required for applying res judicata is satisfied.

Lastly, "the [instant] action arises out of the same transaction or occurrence that was the subject matter of the previous action." *Meyer*, 950 N.E.2d at 1034. The same transaction or occurrence is defined as a "common nucleus of operative facts." *Grava*, 653 N.E.2d at 229 (quoting Restatement (Second) of Judgments § 24 cmt. b (1982)). "That a number of different legal theories casting liability on an actor may apply to a given episode does not create multiple transactions and hence multiple claims. This remains true although the several legal theories . . . would emphasize different elements of the facts." *Id.* (quoting Restatement (Second) of Judgments § 24 cmt. c). Here, there is a common nucleus of operative facts between the state

6

action and the instant action as plaintiff's claims in both actions stem from his termination by Danson on February 19, 2011. *See Forshey v. Airborne Freight*, 755 N.E.2d 969, 976 (Ohio Ct. App. 2001) (finding a common nucleus of operative facts where plaintiff's multiple complaints were all based on the manner of his termination by his employer). Here, the facts in the instant action are directly related to the facts in the state court suit, both revolving around plaintiff's termination and the events which preceded his termination. Consequently, the fourth element of claim preclusion is satisfied.

For these reasons, plaintiff's federal complaint is barred by the doctrine of res judicata. Therefore, defendant's motion to dismiss should be granted.

### IV. PLAINTIFF'S PENDING MOTIONS (Docs. 26, 33, 45)

Also before the Court are plaintiff's motions for a more definite statement (Doc. 26), for a 28 U.S.C. § 1915(d)(i) frivolous and Fed. Civ. R. 11(b) evidentiary hearing (Doc. 33), and for leave to amend the complaint. (Doc. 45). In light of the above recommendation, these motions are denied.

Plaintiff's motion for a more definite statement (Doc. 26) seeks clarification as to defendant's answer to plaintiff's complaint. However, as the undersigned has recommended that plaintiff's complaint be dismissed, this motion is **DENIED** as moot.

As best the Court is able to discern, plaintiff's motion for an evidentiary hearing (Doc. 33) seeks a hearing in order to have Danson "prove all 'their sworn affidavits[.]'" It appears that plaintiff believes he is entitled to a hearing on the legal and factual issues presented in Danson's motion to dismiss. Plaintiff is mistaken. Pursuant to the local rules of this Court, the determination of all motions is based upon filed memoranda and without oral hearings. S.D. Ohio Civ. R. 7.1(a). Unless evidentiary hearings are required by the Federal Rules of Civil

Procedure or another provision of law, it is within the Court's discretion to grant or deny hearing requests. *Id.*; S.D. Ohio Civ. R. 7.2 (b). Here, plaintiff has failed to identify any rule or law requiring a hearing and, given the recommendation to dismiss plaintiff's suit on the basis of res judicata, the undersigned, in her discretion, deems such a hearing unnecessary and a waste of judicial resources. Consequently, plaintiff's motion for an evidentiary hearing (Doc. 33) is **DENIED**.

Lastly, plaintiff has filed a motion seeking leave to amend his complaint. (Doc. 45). Plaintiff's motion fails to provide any indication as to what amendments he seeks to make. Further, the one-page motion contains no information from which this Court can reasonably infer that plaintiff's proposed amendment would save his claims from being barred under the doctrine of res judicata. Thus plaintiff's motion to amend is **DENIED**.

### V. CONCLUSION

For these reasons, **IT IS HEREBY RECOMMENDED** that defendant's motion to dismiss (Doc. 35) be **GRANTED** and that this matter be closed on the docket of the Court.

Further, **IT IS HEREBY ORDERED** that plaintiff's motion for a more definite statement (Doc. 26), motion for a 28 U.S.C. § 1915(d)(i) frivolous and Fed. Civ. R. 11(b) evidentiary hearing (Doc. 33), and motion for leave to amend the complaint (Doc. 45) are **DENIED**.

Date: 11/20/12

Karen L. Litkovitz
United States Magistrate Judge

8

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

TERRY BROWN,
   Plaintiff

vs

DANSON, INC. DBA AEGIS,
PROTECTIVE SERVICES,
   Defendant

Case No. 1:11-cv-820
Dlott, J.
Litkovitz, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

9

| SENDER: *COMPLETE THIS SECTION* | *COMPLETE THIS SECTION ON DELIVERY* |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☑ Agent ☐ Addressee<br>B. Received by *(Printed Name)*   C. Date of Delivery |
| 1. Article Addressed to:<br><br>Terry Brown<br>1731 Tuxworth Ave.<br>Cinti, OH 45238 | D. Is delivery address different from Item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>3. Service Type<br>☑ Certified Mail  ☐ Express Mail<br>☐ Registered  ☐ Return Receipt for Merchandise<br>☐ Insured Mail  ☐ C.O.D.<br>4. Restricted Delivery? *(Extra Fee)*  ☐ Yes |
| 2. Article Number<br>*(Transfer from service label)* | 7002 3150 0000 8389 9470 |

PS Form 3811, February 2004   Domestic Return Receipt   102595-02-M-1540